IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| SUSAN RATTNER, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:17-cv-00136-GBL-MSN |
| | ) ) | |
| CHUBB NATIONAL INSURANCE COMPANY, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion to Compel Certain Categories of Documents from Defendant Chubb National Insurance Company (Dkt. No. 58). Plaintiff asks that the Court compel Defendant to produce documents and information categorized as claim files, investigation files, and related communications with former Defendants, SBR Law, LLC and Cynthia Bernstiel. Defendant asserts that the information and documents are protected under attorney-client privilege and the work product doctrine. For the reasons that follow, Plaintiff's Motion is denied.

**I.     Background**

On November 16, 2015, Plaintiff Susan Rattner, a retired doctor, lost her home in Great Falls, Virginia, and nearly all of her belongings after a fire. Compl. ¶ 1 (Dkt. No. 1). On February 1, 2017, Plaintiff filed a complaint against her home insurance company, Defendant Chubb National Insurance Company, and the law firm and attorney representing the insurance company, SBR Law, LLC and Cynthia Bernstiel. Compl. ¶¶ 1, 12-14 (Dkt. No. 1). Plaintiff amended her complaint on March 10, 2017. *See* Dkt. No. 26.

Plaintiff alleges that at the time of the fire, she was in compliance with the conditions of her homeowner's insurance policy issued by Defendant Chubb. *Id.* ¶ 2. Plaintiff asserts that Defendant Chubb failed to conduct a reasonable investigation into the loss. *Id.* ¶ 6. Instead, Defendant Chubb allegedly contracted with SBR Law and Ms. Bernstiel to conduct a "targeted investigation aimed at manufacturing a basis on which to deny [Plaintiff's] claim." *Id.* Defendant Chubb insists that it has denied Plaintiff's claim because "[t]here is substantial evidence that Plaintiff had both motive and the opportunity to burn down her home to obtain insurance coverage." Def.'s Mem. in Supp. 1 (Dkt. No. 47).

On March 24, 2017, SBR Law and Ms. Bernstiel filed a Motion to Dismiss, which the Court granted on April 24, 2017. *See* Dkt. Nos. 38, 77. On April 14, 2017, Plaintiff filed the instant Motion to Compel various categories of information and documents from Defendant Chubb. *See* Dkt. Nos. 58, 60. The Court heard oral argument on April 21, 2017, and again on April 28, 2017, regarding the Motion to Compel, which was taken under advisement with respect to disputes concerning attorney-client privilege and work product doctrine. *See* Dkt. Nos. 75, 76, 83, 85. After the Court ordered the parties to meet and confer in an effort to narrow the privilege issues, the parties did so, and the remaining issues involve 79 items on Defendant's privilege log. *See* Dkt. No. 86-1. Plaintiff disputed the sufficiency of Defendant Chubb's privilege log. *See* Dkt. No. 80. On April 28, 2017, the Court ordered Defendant Chubb to submit a supplemental privilege log, but this did not resolve the privilege issues. *See* Dkt. No. 85. The Court further ordered Plaintiff to identify from Defendant Chubb's supplemental privilege log ten sample documents, which Defendant Chubb was ordered to submit for *in camera* review. *See* Dkt. No. 85.

## II. Discussion

Defendant Chubb retained SBR Law, LLC and Ms. Bernstiel to investigate wrongdoing regarding the cause of the fire. Plaintiff concedes, as it must, that Defendant Chubb would not be required to disclose information and documents containing Ms. Bernstiel's legal advice or opinion in her role as Defendant's lawyer. *See* Pl.'s Supplemental Br. 3-4 (Dkt. No. 80). However, Plaintiff asserts that Defendant Chubb must disclose Ms. Bernstiel's impressions and opinions "in her investigatory role" because that information is "exactly the same as what a non-lawyer insurance adjuster" would develop during a claim investigation. *Id.* Plaintiff states that "Chubb should not be permitted to shield this factual information from discovery simply because it is the work product or opinion of a lawyer." *Id.*

Plaintiff's argument is contrary to law. Information and communications with an attorney retained to conduct an investigation may still be privileged when the investigation is "related to the rendition of legal services." *In re Allen*, 106 F.3d 582, 603 (4th Cir. 1997) (citation and internal quotation marks omitted). A lawyer is ethically obligated to be fully informed of the facts of a case in order to render legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 391 (1981) ("The first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally relevant."). For that reason, facts learned by an attorney in the course of an investigation can be privileged. *See In re Allen*, 106 F.3d at 603 (noting that in *Upjohn Co.*, the Supreme Court made "clear that fact finding which pertains to legal advice counts as professional legal services").

Upon *in camera* review of the ten sample documents, the Court finds that Defendant Chubb properly withheld the documents on the basis of attorney-client privilege and the work product doctrine because Ms. Bernstiel was retained to conduct an investigation using her legal

3

expertise. *See In re Allen*, 106 F.3d at 603 ("Accordingly, we must reject the legal theory espoused by district court that the attorney-client privilege does not apply here, simply because Allen's assigned duties were investigative in nature.").

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion is DENIED.

Entered this 8th day of May, 2017.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Alexandria, Virginia