IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| SUSAN RATTNER, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:17-cv-00136-GBL-MSN |
|  | ) | |
| CHUBB NATIONAL INSURANCE COMPANY, et al., | ) ) ) | |
|  | ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Defendant Chubb National Insurance Company's Motion to Compel Discovery Relating to Plaintiff's Physical and Mental Health (Dkt. No. 98). Defendant asks that the Court compel Plaintiff to provide a list of healthcare providers and mental health professionals in response to Defendant's Interrogatory No. 25, as well as executed HIPAA authorizations relating to each identified healthcare provider and mental health professional, in response to Defendant's Requests for Documents Nos. 36 and 37. For the reasons that follow, the Motion is granted in part and denied in part.

**I.   Background**

On November 16, 2015, Plaintiff Susan Rattner, a retired doctor, lost her home in Great Falls, Virginia, and nearly all of her belongings after a fire. Compl. ¶ 1 (Dkt. No. 1). On February 1, 2017, Plaintiff filed a complaint against her home insurance company, Defendant Chubb National Insurance Company, and the law firm and attorney representing the insurance company, SBR Law, LLC and Cynthia Bernstiel. Compl. ¶¶ 1, 12-14 (Dkt. No. 1). Plaintiff amended her complaint on March 10, 2017. *See* Dkt. No. 26.

Plaintiff alleges that at the time of the fire, she was in compliance with the conditions of

her homeowner's insurance policy issued by Defendant Chubb. *Id.* ¶ 2. Plaintiff asserts that Defendant Chubb failed to conduct a reasonable investigation into the loss. *Id.* ¶ 6. Instead, Defendant Chubb allegedly contracted with SBR Law and Ms. Bernstiel to conduct a "targeted investigation aimed at manufacturing a basis on which to deny [Plaintiff's] claim." *Id.* Defendant Chubb insists that it has denied Plaintiff's claim because "[t]here is substantial evidence that Plaintiff had both motive and the opportunity to burn down her home to obtain insurance coverage." Def.'s Mem. in Supp. 1 (Dkt. No. 47).

On March 24, 2017, SBR Law and Ms. Bernstiel filed a Motion to Dismiss, which the Court granted on April 24, 2017. *See* Dkt. Nos. 38, 77. On May 19, 2017, Defendant filed the instant Motion to Compel, which Plaintiff opposes on the grounds that Defendant's request dating back to 2012 is "overbroad and unduly invasive." Pl.'s Opp'n 4 (Dkt. No. 110).

## II. Discussion

The parties agree that Plaintiff's health is not relevant to the present matter based on allegations of emotional distress or physical injury. *See* Am. Compl. ¶¶ 210, 226 (Dkt. No. 26); Def.'s Mem. 5 n.2 (Dkt. No. 99); Pl.'s Opp'n 1 (Dkt. No. 110). Plaintiff never alleged that Defendant Chubb National caused her physical or mental distress. *See* Am. Compl. ¶¶ 210, 226 (Dkt. No. 26); Pl.'s Opp'n 1 (Dkt. No. 110). Rather, Plaintiff's allegations regarding her health were directed only at the Law Firm Defendants, which have been dismissed from the case. *See* Am. Compl. ¶¶ 210, 226 (Dkt. No. 26). The parties do agree, however, that Plaintiff's physical condition on the night of the fire on November 16, 2015, remains at issue. *See* Def.'s Mem. 6 (Dkt. No. 99) (citing Ex. K (Dkt. No. 99-12)); Pl.'s Opp'n 2 (Dkt. No. 110); Def.'s Reply 4 (Dkt. No. 119). Defendant is therefore entitled to review Plaintiff's records pertaining to her physical health at or near the time of the fire.

The parties dispute the relevant time period for disclosure of Plaintiff's physical health

records. Defendant seeks three years of records, from January 1, 2013 to December 31, 2015, while Plaintiff has offered to disclose her records from January 1, 2014 to November 15, 2015, or 22.5 months. *See* Pl.'s Opp'n 2-3 (Dkt. No. 110); Def.'s Reply 9 (Dkt. No. 119). Defendant asserts that "Chubb National's expert has advised that a minimum of three years of medical records are necessary for him or any other competent expert to have the necessary context accurately to assess Plaintiff's condition on a given date." Def.'s Reply 4 (Dkt. No. 119). The Court finds that Defendant's request for three years of records is reasonable. Plaintiff must identify all doctors who treated her physical health ailments, including any chronic conditions that could impact her mobility, balance, coordination, or stamina, for the three-year period.[1] Plaintiff must also provide signed HIPAA consent forms for these doctors.

The Court further finds that Defendant is not entitled to Plaintiff's mental health records at this time. Although Plaintiff's physical health is at issue for the limited purpose of determining her physical mobility on the night of the fire, Defendant has failed to establish that Plaintiff's mental health records are likely to make such claim more or less provable at trial. *See Cappetta v. GC Services Ltd. Partnership*, 266 F.R.D. 121, 126 (E.D. Va. 2009) (citation and internal quotation marks omitted) ("The scope of discovery into the sensitive area of private medical information should be limited and confined to that information that is essential to a fair trial."). Plaintiff's mental health records are irrelevant and therefore not discoverable based upon the record before the Court. *See id.* at 129 (granting a motion to quash a subpoena for marital counseling records where the record could not support a conclusion that the plaintiff would seek to introduce evidence on her relationship with her ex-husband at trial).

---

[1] Defendant has clarified that it "is not interested in discovery from any of Plaintiff's dental, optical or OB/GYN providers." Def.'s Reply 3 (Dkt. No. 119).

**III.    Conclusion**

It is hereby ORDERED that:

(1)    Defendant's Motion is GRANTED with respect to Defendant's request for Plaintiff's physical health records for the three-year period between and including January 1, 2013 through December 31, 2015.  By Thursday, June 1, 2017, Plaintiff must identify all doctors who treated her for physical ailments, as described above, and must provide Defendant with signed HIPAA consent forms authorizing the release of her physical health records for the three-year period.

(2)    Plaintiff shall appear for a 60 to 90 minute physical examination by a Chubb National expert physician at a mutually agreeable time, but no later than by the close of discovery on July 7, 2017.  The examination must take place within the Eastern District of Virginia unless otherwise agreed to by the parties.

(3)    Defendant's Motion is DENIED with respect to Defendant's request for Plaintiff's mental health records.

ENTERED this 30th day of May, 2017.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Alexandria, Virginia