**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

SUSAN RATTNER,

                Plaintiff/Counterclaim
                Defendant,

v.

CHUBB NATIONAL INSURANCE
COMPANY,

                Defendant/Counterclaim
                Plaintiff.

Case No.:  1:17-cv-00136-LMB-MSN

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Grayson P. Hanes (VSB No. 06614)
Mark W. Wasserman (VSB No. 22638)
Nicholas V. Albu (VSB No. 78229)
Justin D. deBettencourt (VSB No. 83806)
Dominic I. Rupprecht (*Pro Hac Vice*)
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: 703-641-4200
Facsimile: 703-641-4340
ghanes@reedsmith.com
mwasserman@reedsmith.com
nalbu@reedsmith.com
jdebettencourt@reedsmith.com
drupprecht@reedsmith.com
*Counsel for Susan Rattner*

Instruction 71–15 Contact with Others

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature. If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as October 27, that's okay. But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case. The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet. And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed. Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

Authority: Modern Federal Jury Instructions – Civil 71.02

Instruction 74-1  What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may incorporate into a question a statement which assumes certain facts to be true, and ask the witness if the statement is true. If the witness denies the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that is stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony is received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions I give.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they say to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may make concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you hear and the exhibits you see.

Authority: Modern Federal Jury Instructions – Civil 74.01

Instruction 71-3 Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers say in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may say—or what I may say in these instructions—about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I direct you to disregard or that I direct be struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I make during the trial are not any indication of my views of what your decision should be as to whether or not Dr. Rattner or Chubb National have proven their respective cases.

I also ask you to draw no inference from the fact that upon occasion I may questions of certain witnesses. These questions are intended for clarification or to expedite matters and are not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Authority: Modern Federal Jury Instructions – Civil 71.01

Stipulation of Facts

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

In this litigation, the parties have stipulated that the Plaintiff, Susan Rattner, has satisfied all of the elements of her case in chief and has incurred losses in the amount of $10,446,014.26. Unless you find that Chubb National has proved that coverage is barred by an exclusion or that coverage is barred because a condition of the Chubb National policy was not complied with, you shall find in favor of the Plaintiff Dr. Susan Rattner in the full amount of her losses.

Authority: Modern Federal Jury Instructions – Civil 74-4

Insurance: Defense to Liability: Loss Not Covered

If the insurance company denies liability on the basis that the loss is excluded by the terms of the policy, it bears the burden of proof on that issue.

Authority: Virginia Model Jury Instructions - Civil Instruction No. 47.140.

Instruction 73-3 Clear and Convincing Evidence

Chubb National has the burden of proof on the issue on its affirmative defenses based on the Intentional Acts Exclusion and Fraud or Concealment Condition as well as on its Counterclaim based on breach of the Fraud or Concealment Condition.  Chubb National will bear the burden of proving all of the elements of these claims and defenses by clear and convincing evidence. If you conclude that Chubb National has failed to establish its claims or defenses by clear and convincing evidence, you must decide against it on the issue you are considering.

Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true.  Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if Chubb National establishes its claims and defenses beyond any "substantial doubt"; it does not have to dispel every "reasonable doubt."

Authority: Modern Federal Jury Instructions – Civil 73.01

Insurance: Fraud or Concealment Condition

To deny coverage based on the Fraud or Concealment Condition, Chubb National bears the burden of proving by clear and convincing evidence that Dr. Rattner intentionally concealed or misrepresented any material fact relating to the Policy.

A material misrepresentation in the submission of a claim is one that might have affected the attitude and action of the insurance company, or was calculated either to discourage, mislead or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate.  Such a misrepresentation must also be made with the intent to deceive or defraud.  The misrepresentation cannot be unintentional – a false statement causes a forfeiture only if the statement was both intentional and material.

Authority: *Utica Mutual Ins. Co. v. Presgraves*, Case No. 5:01-CV-00015, 2002 WL 1162602, *3, *8 (W.D. Va. May 28, 2002); *Mize v. Harford Ins. Co.*, 567 F. Supp. 550, 552 (W.D. Va. 1982); *Virginia Fire & Marine Ins. Co. v. Hogue*, 54 S.E. 8, 11 (Va. 1906).

Insurance: Intentional Act Exclusion

If an insurer seeks to void a policy on the ground that the insured intentionally caused or was complicit in destroying the insured home by fire, the ultimate burden of proof and persuasion rests with the insurer to prove the applicability of the exclusion by clear and convincing evidence.

The exclusion will only apply if the insurer proves by clear and convincing evidence that: (1) the fire was intentionally caused by arson; (2) the policyholder had a motive to commit or procure arson; and (3) the policyholder had an opportunity to commit or procure arson.

Where circumstances admit of two equally plausible interpretations, they are insufficient to carry the burden of proof.

Authority: *Bryan Bros. v. Cont'l Cas. Corp.*, 704 F. Supp. 2d 537, 540 (E.D. Va. 2010); *Mize v. Harford Ins. Co.*, 567 F. Supp. 550, 551-52 (W.D. Va. 1982); *Utica Mut. Ins. Co. v. Presgraves*, No. 5:01-cv-00015, 2002 WL 1162602, *3 and *7 (W.D. Va. May 28, 2002); *Carpenter v. Union Ins. Society of Canto, Ltd.*, 284 F.2d 155, 160 (4th Cir. 1960); 21 Appleman on Insurance Law & Practice 12229 (1st ed. 2011).

Instruction 73-2 Preponderance of the Evidence

If you find that Chubb National has proven by clear and convincing evidence that certain conditions or exclusions in the policy bar coverage, Dr. Rattner may still be entitled to coverage if she establishes the defenses of waiver or first material breach.  Dr. Rattner will have the burden of proving every disputed element of these defenses by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

Authority: Modern Federal Jury Instructions – Civil 73.01

Insurance: Waiver of Provisions Benefitting the Insurer

A waiver is an intentional or voluntary abandonment of a known right. A waiver may be express or it may be inferred from acts of the party. There are two factors that must be present to find a waiver. The first is knowledge of the facts that give rise to the right. The second is the intention, based upon this knowledge, to relinquish that right.

The policyholder must prove waiver by the insurance company by the greater weight of the evidence.

Authority: Virginia Model Jury Instructions - Civil Instruction No. 47.150.

First Material Breach

       If a party commits the first breach of a contract, and if the breach is material, that party is not entitled to enforce the contract.  If the initial breach is material, the other party to the contract is excused from performing his contractual obligations.

       Authority: *Countryside Orthopaedics v. Peyton*, 541 S.E.2d 279, 285 (Va. 2001); *Horton v. Horton*, 487 S.E.2d 200, 203 (Va. 1997); *Federal Ins. Co. v. Starr Elec. Co.*, 410 S.E.2d 684, 689 (Va. 1991); *Hurley v. Bennett,* 176 S.E. 171, 175 (Va. 1934).

Estoppel

An insurance company or its agent with knowledge that the insured has breached a condition in the policy may say or do something that leads the insured to believe that his policy will not be forfeited. If the insured relies in good faith on this belief, the insurer cannot assert a forfeiture of the policy. The burden is on the insured to prove by clear, precise, and unequivocal evidence that the company or its agent knew of the breach of a condition of the policy, that the company or its agent did or said something that led the insured to believe that the policy would not be forfeited, and that the insured in good faith relied on that conduct of the company.

Authority: Virginia Model Jury Instructions - Civil Instruction No. 47.160.

Dated: October 3, 2017

Respectfully submitted,

SUSAN RATTNER
By Counsel

/s/ Mark W. Wasserman
Grayson P. Hanes (VSB No. 06614)
Mark W. Wasserman (VSB No. 22638)
Nicholas V. Albu (VSB No. 78229)
Justin D. deBettencourt (VSB No. 83806)
Dominic I. Rupprecht (*Pro Hac Vice*)
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: 703-641-4200
Facsimile: 703-641-4340
ghanes@reedsmith.com
mwasserman@reedsmith.com
nalbu@reedsmith.com
jdebettencourt@reedsmith.com
drupprecht@reedsmith.com
*Counsel for Susan Rattner*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of October, 2017, the foregoing has been

electronically filed with the Court's CM/ECF filing system, which will then send a notification

of such filing to the following:

Laurin H. Mills
Alexander R. Green
Jeffrey L. O'Hara
Philip N. Fluhr
LeClairRyan
2318 Mill Road, Suite 1100
Alexandra, Virginia 22314
*Counsel for Chubb National Insurance Company*

Eric D. Freed
Charles J. Jesuit, Jr.
Cozen O'Connor
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, Pennsylvania 19103
*Counsel for Chubb National Insurance Company*

/s/ Mark W. Wasserman
Grayson P. Hanes (VSB No. 06614)
Mark W. Wasserman (VSB No. 22638)
Nicholas V. Albu (VSB No. 78229)
Justin D. deBettencourt (VSB No. 83806)
Dominic I. Rupprecht (*Pro Hac Vice*)
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: 703-641-4200
Facsimile: 703-641-4340
ghanes@reedsmith.com
mwasserman@reedsmith.com
nalbu@reedsmith.com
jdebettencourt@reedsmith.com
drupprecht@reedsmith.com
*Counsel for Susan Rattner*