**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| SUSAN RATTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:17-cv-00136-LMB-MSN |
| ) | |
| CHUBB NATIONAL INSURANCE ) | |
|  COMPANY, ) | |
| ) | |
| Defendant. ) | |

## CHUBB NATIONAL'S PROPOSED JURY INSTRUCTIONS

Defendant, Chubb National Insurance Company, submits these proposed instructions to

supplement the standard jury instructions typically given by the Court in all civil jury trials.

### Table of Contents

| Instruction Name | Instruction No. | Page No. |
|---|---|---|
| Statement of the Case | 1 | 3 |
| Standard of Proof Generally | 2 | 4 |
| Standard of Proof:  Greater Weight of the Evidence | 3 | 5 |
| Standard of Proof:  Clear and Convincing Evidence | 4 | 6 |
| Direct and Circumstantial Evidence | 5 | 7 |
| Credibility of Witnesses | 6 | 8 |
| Expert Witnesses | 7 | 9 |
| Use of Depositions as Evidence | 8 | 10 |
| Prior Inconsistent Statements or Conduct | 9 | 11 |
| False in One- False in All | 10 | 12 |
| All Available Witnesses or Evidence Need Not Be Produced | 11 | 13 |
| Material Breach of Contract | 12 | 14 |
| The Policy's "Concealment or fraud" Condition | 13 | 15 |
| Breach of the "Concealment or fraud" Condition | 14 | 16 |
| Intentional Misrepresentation or Concealment | 15 | 17 |
| Materiality of Concealment or Fraud | 16 | 18 |
| The Policy's Intentional Acts Exclusion | 17 | 19 |
| Arson Investigation of Insurance Company | 18 | 20 |
| Adverse Inference | 19 | 21 |

| | | |
|---|---|---|
| Damages: Reasonable Proof | 20 | 22 |
| Breach of Contract Damages | 21 | 23 |
| Return of Advance Payments | 22 | 24 |
| Waiver | 23 | 25 |
| | | |
| Verdict Form | | 26 |

## INSTRUCTION NO. 1

### (Statement of the Case)

A fire destroyed the home of Susan Rattner on November 16, 2015.  The parties in this case have stipulated that there was an insurance contract in place between Rattner and Chubb National on November 16, 2015 that covered her home and its contents.  Rattner contends that Chubb National breached the policy by not paying her for the damages she sustained.

Chubb National, by contrast, alleges that Rattner breached the "concealment and fraud" condition of her Chubb National insurance contract by concealing material facts, making material misrepresentations of fact, and otherwise obstructing Chubb National's insurance investigation.  Based on that alleged breach, Chubb National seeks to recover the $719,482.02 that it has paid Rattner, as well as its investigative costs.  Chubb National also contends that Rattner was involved in the fire that destroyed her home and that Chubb National has no duty to pay such a claim based on the "intentional acts" coverage exclusion in the Chubb National policy. [Rattner alleges that Chubb National waived its right to deny coverage by paying her advance payments while it investigated her claim.]

Chubb National is unsure whether waiver is still at issue in the case. At the first hearing on the motions for summary judgment, the Court appeared to reject Plaintiff's waiver argument as a matter of law. The Court did not discuss waiver during the September 28, 2017 hearing.

**INSTRUCTION NO. 2**

**(Standard of Proof Generally)**

Each party has the burden of proof on its claims, which means that it must prove whatever it takes to make its case, except for any admission by the other party. In this case, there will be two different burdens of proof that will apply to different issues: (1) greater weight of the evidence and (2) clear and convincing.

**INSTRUCTION NO. 3**

**(Standard of Proof:  Greater Weight of the Evidence)**

The greater weight of the evidence is sometimes called the preponderance of the evidence.  It is the evidence that you find more persuasive.  The testimony of one witness you believe can be the greater weight of the evidence.

The term "preponderance of the evidence" means that amount of evidence that causes you to conclude that the allegation is probably true. To prove an allegation by the preponderance of the evidence, a party must convince you that the allegation is more likely true than not.

If the evidence on a particular issue is equally balanced, that issue has not been proven by a preponderance of the evidence. Therefore, the party having the burden of proving that issue has failed with respect to that particular issue.

Adapted from *Virginia Model Jury Instructions (Civil)*, Instruction No. 3.100.

**INSTRUCTION NO. 4**

**(Standard of Proof:  Clear and Convincing Evidence)**

When a party has the burden of proving an issue by clear and convincing evidence, he or she must produce evidence that creates in your mind a firm belief that the party has proved the issue.

Adapted from *Virginia Model Jury Instruction (Civil)*, No. 3.110.

## INSTRUCTION NO. 5

### (Direct and Circumstantial Evidence)

Evidence comes in many forms.  It can come in the form of testimony from a witness.  It can be an exhibit.  It can even be the opinion of a witness.

Some evidence proves a fact directly, such as testimony that a witness saw a jet fly across the sky.  Some evidence proves a fact indirectly, such as testimony that a witness saw the white trail in the sky that jets leave behind.  Indirect evidence is sometimes called circumstantial evidence.  It does not matter whether you call the testimony direct evidence or circumstantial evidence, in both instances the testimony is evidence that a jet flew across the sky.

Circumstantial evidence is evidence of facts and circumstances from which one may infer connected facts that reasonably follow in the common experience of mankind.  Circumstantial evidence is treated no differently than direct evidence and is sufficient to support a verdict even if it does not exclude every reasonable alternative possibility. Any fact that may be proved by direct evidence may be proved by circumstantial evidence.

Adapted from *United States v. Gray*, 137 F.3d 765, 772 (4th Cir. 1998); *Third Circuit Pattern Jury Instruction*, § 1.6; *Virginia Model Jury Instructions (Civil)*, Instruction No. 2.100.

**INSTRUCTION NO. 6**

**(Credibility of Witnesses)**

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence.  You may consider the appearance and manner of witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they knowingly testified untruthfully as to any fact in the case.

You may not arbitrarily disregard believable testimony of a witness.  However, after you have considered all of the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.  You are entitled to use your common sense in judging any testimony.  From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

In deciding what to believe here are some factors you may want to consider:

- Does the witness have an interest in the outcome of this case?
- How good and accurate is the witness's recollection?
- What was the witness's ability to know what he/she was talking about?
- Were there any contradictions or changes in the witness's testimony? Did the witness say one thing at one time and something different at some other time? If so, you may want to consider whether or not the discrepancy involves a matter of importance or whether it results from an innocent mistake or willful lie. You may consider any explanation that the witness gave explaining the inconsistency.
- You may want to consider the demeanor of the witness. By that I mean the way the witness acted, the way the witness talked, or the way the witness reacted to certain questions.
- Use your common sense when evaluating the testimony of a witness. If a witness told you something that did not make sense, you have a right to reject that testimony. On the other hand if what the witness said seemed reasonable and logical, you have a right to accept that testimony.

Adapted from *Virginia Model Jury Instructions (Civil),* Instruction No. 2.020.

## INSTRUCTION NO. 7

### (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

*Federal Jury Practice and Instructions* by O'Malley, Grenig & Lee (Sixth Edition), § 104:40 Expert witness

**INSTRUCTION NO. 8**

**(Use of Depositions as Evidence)**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

*Federal Jury Practice and Instructions* by O'Malley, Grenig & Lee (Sixth Edition), § 105:02
Use of depositions as evidence

## INSTRUCTION NO. 9

### (Prior Inconsistent Statements or Conduct)

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true. The prior evidence may also be used for the purpose of judging the credibility of the party as a witness.

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

*Federal Jury Practice and Instructions* by O'Malley, Grenig & Lee (Sixth Edition), § 105:09 Effect of prior inconsistent statements or conduct.

**INSTRUCTION NO. 10**

**(False in One – False in All)**

If you believe that any witness or party willfully or knowingly testified falsely to any facts significant to your decision in the case, with intent to deceive you, you may give such weight to his or her testimony as you may deem it is entitled. You may believe some of it, or you may, in your discretion, disregard all of it.

*Federal Jury Practice and Instructions* by O'Malley, Grenig & Lee (Sixth Edition), § 105:04 Impeachment—Inconsistent statement or conduct (*falsus in uno falsus in omnibus*)

**INSTRUCTION NO. 11**

**(All Available Witnesses or Evidence Need Not be Produced)**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

*Federal Jury Practice and Instructions* by O'Malley, Grenig & Lee (Sixth Edition), § 105:11 All available witnesses or evidence need not be produced

**INSTRUCTION NO. 12**

**(Material Breach of Contract)**

In this case, both parties have accused each other of breach of contract.  If a party to a contract fails or refuses to do anything that he or she has contractually agreed to do, that party is guilty of breach of contract.

Only "material" breaches of contract are actionable.  A material breach of contract occurs if a party fails to do something that he or she is bound to do according to the contract that is so important and central to the contract that the failure defeats the very purpose of the contract.

Adapted from *Virginia Model Jury Instructions (Civil)* Instruction No. 45.400.

**INSTRUCTION NO. 13**

**(The Policy's "Concealment or fraud" Condition)**

The Chubb National policy contains the following condition to coverage:

**Concealment or fraud.**

This policy is void if you or any covered person has intentionally concealed or misrepresented any material fact relating to this policy before or after a loss.

This condition is a contractual obligation that must be enforced as written.

Chubb National Insurance Company Policy No. 14291185-04, Page Y-1; *Miller v. Great Am. Ins. Co.*, 59 F. Supp. 3d 749, 755 (E.D. Va. 2014); *Chase v. CNA Ins. Co.*, 1990 U.S. Dist. LEXIS 19826, *3 (E.D. Va. Feb. 28, 1990).

## INSTRUCTION NO. 14

### (Breach of the "Concealment or fraud" Condition)

Chubb National has the burden to prove, by clear and convincing evidence, that Susan Rattner intentionally misrepresented or concealed a material fact during Chubb National's claim investigation.

*Adapted from Virginia Model Jury Instructions – Civil*, Instruction No. 39.010; *Mize v. Hartford Ins. Co.*, 567 F. Supp. 550, 551–52 (W.D. Va. 1982); *Van Deusen v. Snead*, 247 Va. 324, 328 (1994); *Spence v. Griffin*, 236 Va. 21, 28 (1988); *TC Tech Mgt. Co. v. Geeks on Call America, Inc.*, 2004 WL 5154906 at *5 (E.D. Va. Mar. 24, 2004); *see also Clay v. Butler*, 132 Va. 464, 474 (1922) ("If a party conceals a fact . . . [and] the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated.").

**INSTRUCTION NO. 15**

**(Intentional Misrepresentation or Concealment)**

A misrepresentation or concealment is intentional if it is done deliberately. Concealment includes nondisclosure by words or conduct and has the same effect as a misrepresentation. The intentionality requirement is satisfied if you find that Susan Rattner willfully concealed a material fact that was not known to Chubb National.

If you find that Rattner destroyed documents or that she willfully instructed others to destroy documents, then that conduct constitutes an intentional concealment.

BLACK'S LAW DICTIONARY (10th ed. 2014); *Carlucci v. Han*, 907 F. Supp. 2d 709, 740 (E.D. Va. 2012); *Van Deusen v. Snead*, 247 Va. 324 (1994); *Spence v. Griffin*, 236 Va. 21, 28 (1988).

## INSTRUCTION NO. 16

### (Materiality of Concealment or Fraud)

A misrepresentation or concealment is "material" if it might have affected the action of the insurance company, or if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented or concealed.

A misrepresentation or concealment of fact can be material even if the insurance company does not ultimately rely on it or find it significant to its final claim decision. A misrepresentation or concealment of fact is material if it concerns a subject relevant and important to the insurer's claim investigation *at the time the misrepresentation or concealment occurred.*

The intentional misrepresentation or concealment of a fact is also material if it was calculated to discourage, mislead or deflect Chubb National's investigation into any area that Chubb National had reason to think was a relevant or productive area to investigate at that point in the claim investigation.

*Chase v. CNA Ins. Co*, 1990 U.S. Dist. LEXIS 19826, *3 (E.D. Va. Feb. 28, 1990); *Felman Prod., Inc. v. Indus. Risk Insurers*, 2011 WL 4543966, at *1 (S.D. W.Va. Sept. 29, 2011) (a fact is material if "a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented.") (citing *Long v. Ins. Co. of N. Am.*, 670 F.2d 930, 934 (10th Cir .1982)).

## INSTRUCTION NO. 17

### (The Policy's Intentional Acts Exclusion)

The Chubb National policy contains the following provision that bars coverage:

> **Intentional acts.** We do not cover any loss caused intentionally by a person named in the Coverage Summary, that person's spouse, a family member or a person who lives with you. We also do not cover any loss caused intentionally by a person directed by a person named in the Coverage Summary, that person's spouse, a family member, or a person who lives with you. But we do provide coverage for you or a family member who is not directly or indirectly responsible for causing the intentional loss. An intentional act is one whose consequences could have been foreseen by a reasonable person.

Arson is an intentional act that falls within the intentional acts exclusion. The intentional acts exclusion applies if you find that Chubb National proved, by clear and convincing evidence, that: (1) the fire was intentionally set; (2) Rattner had opportunity to set the fire or cause someone else to set the fire; or (3) Rattner had motive to commit arson. Arson can be proved by direct or circumstantial evidence.

*Carpenter v. Union Ins. Soc'y of Canton, Ltd.*, 284 F.2d 155, 159 (4th Cir. 1960); *Utica Mut. Ins. Co. v. Presgraves*, No. 5:01-cv-00015, 2002 WL 1162602, *7 (W.D. Va. May 28, 2002) ("[i]t is true that circumstantial evidence may be used to prove arson"); *Am. States Ins. Co. v. Enterprises Lighting,* 1994 U.S. Dist. LEXIS 14988, *23-24 (E.D. Va. July 25, 1994) (holding insurer can establish arson by circumstantial evidence); *Miles v. Nationwide Mut. Fire Ins. Co.,* 2014 WL 12609859, at *3 (D.S.C. June 23, 2014) (finding intentional acts exclusion applied in an arson case, and that injury was foreseeable).

**INSTRUCTION NO. 18**

**(Arson Investigation by Insurance Company)**

When presented with a claim for a loss due to fire, an insurance company has the right to investigate suspicious fires and whether its cause was accidental or deliberately set.  This right includes investigating the possibility that the insured, in this case Susan Rattner, was involved in setting the fire or using others to set the fire.

*Sigler v. Commonwealth*, 61 Va. App. 674, 680 (2013); Va. Code 38.2-510(3) (discussing standards for prompt investigation of claims under insurance policies).

## INSTRUCTION NO. 19

### (Adverse Inference)

An insured person who files a claim with an insurance company has a duty to preserve evidence that might relate to an insurance claim.  Parties to lawsuits also have a duty to preserve relevant evidence.  If you believe that Susan Rattner willfully destroyed evidence, or that she willfully advised others to destroy evidence, you are entitled to infer that there is missing relevant evidence and that the missing relevant evidence would have been harmful to Rattner's case.

*Vulcan Materials Co. v. Massiah*, 645 F.3d 249, 259 (4th Cir. 2011) (approving use of adverse inference instruction where willful conduct resorted in the loss or destruction of evidence); Fed. R. Civ. P. 37(e)(2)(B).

**INSTRUCTION NO. 20**

**(Damages: Reasonable Proof)**

The burden is on the party alleging breach to prove by greater weight of the evidence that he or she sustained each item of damages claimed.  The party claiming breach does not have to prove the exact amount of damages sustained, but he or she must show sufficient facts and circumstances to permit you to make a reasonable estimate of those damages.

Adapted from *Virginia Model Jury Instructions (Civil)* Instruction Nos. 45.510 & 520.

**INSTRUCTION NO. 21**

**(Breach of Contract Damages)**

The non-breaching party to a contract is entitled to recover all of the losses that it sustained that are a natural and ordinary result of the breach and that the non-breaching party has proved by the greater weight of the evidence.  Damages for a breach of contract should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.

Adapted from *Virginia Model Jury Instructions (Civil)* Instruction No. 45.500 and its Practice Commentary.

## INSTRUCTION NO. 22

### (Return of Advance Payments)

During the course of its claim investigation, Chubb National paid Rattner a series of advance payments while it investigated her claim. As you heard during the course of this trial, Chubb National issued advance payments directly to Rattner totaling $719,482.02. Chubb National ultimately denied coverage for Rattner's claim based on her breach of the policy's concealment or fraud condition, and the application of the policy's intentional acts exclusion.

Where one party has in his or her hands the money of another party that he or she ought to refund, the law conclusively presumes a promise to refund the money.

*Hackbarth v. State Farm Fire & Cas. CO.*, 2013 WL 375543, *3 (D. Minn. Jan. 31, 2013); *Am. Commerce Ins. Co. v. Harris*, 2009 WL 3233738 (E.D. Okla. Sept. 25, 2009). ; *Eden Hannon & Co. v. Sumitomo Trust & Banking Co.*, 914 F.2d 556, 563-64 (4th Cir. 1990) (Va. law) (awarding restitution for breach of contract under constructive trust theory because "it will force the transgressor to forfeit illegally gotten gains, and provide compensation for the plaintiff's injury") (citing numerous Virginia cases); *Robertson v. Robertson*, 137 Va. 378, 381 (1923); *see also Restatement (Third) of Restitution and Unjust Enrichment*, § 39(1) (2011) ("If a deliberate breach of contract results in profit to the defaulting promisor and the available damage remedy affords inadequate protection to the promisee's contractual entitlement, the promisee has a claim to restitution of the profit realized by the promisor as a result of the breach. Restitution by the rule of this section is an alternative to a remedy in damages."). See also 4-77 Modern Federal Jury Instructions- Civil ¶ 77.01(3).

## INSTRUCTION NO. 23

### (Waiver)

Susan Rattner contends that by paying Susan Rattner over $700,000 while it investigated her claim, Chubb National waived its right to deny coverage regardless of whether Rattner was engaged in acts of fraud or concealment and regardless of whether she was involved in the fire that destroyed her home.

A waiver is an intentional or voluntary abandonment of a known right. A waiver may be express or it may be inferred from acts of the party. There are two factors that must be present to find a waiver. The first is knowledge of the facts that give rise to the right. The second is the intention, based upon this knowledge, to relinquish that right. A party cannot waive a right without full knowledge of the right.

The burden is on Susan Rattner to prove that Chubb National knew of the right and intended to relinquish that right by clear and convincing evidence.

Adapted from *Virginia Model Jury Instructions (Civil)* No. 45.410; *Virginia Model Jury Instructions (Civil)* No. 47.150; *Noell Crane Sys. GmbH v. Noell Crane & Serv.,* 677 F. Supp. 2d 852, 862 (E.D. Va. 2009); *Hammond. v. Pac. Mut. Life Ins. Co.*, 159 F. Supp. 2d 249, 257 (E.D. Va. 2001); *Baumann v. Capozio*, 269 Va. 356, 361 (2005); *Fred C. Walker Agency Inc. v. Lucas*, 215 Va. 535, 540-41 (1975); Third Circuit Pattern Jury Instruction 1.11. There is no evidence of express waiver in this case. This is necessarily an implied waiver case, which is subject to the clear and convincing standard.

**(Verdict Form)**

We answer the questions submitted to us as follows:

1. **Do you find that Rattner was involved in causing the fire that destroyed her home?**

   **YES: _____          NO: _____**

2. **Do you find that Rattner intentionally misrepresented to Chubb National, or concealed from Chubb National, a fact that was material to Chubb National's claim investigation at the time the misrepresentation or concealment was made?**

   **YES: _____          NO: _____**

3. **Do you find that Rattner proved, by clear and convincing evidence, that Chubb National intentionally relinquished its right to deny coverage for Rattner's claim because it made advance payments while it investigated the claim?**

   **YES: _____          NO: _____**

   **Note: If waiver is longer in the case, then this instruction should be deleted.**

4. **If your answer to Question #1 or Question #2 above was Yes, and your answer to Question 3 above was No, what dollar amount do you award to Chubb National in damages?**

   **$ _____.**

5. **Answer this question only if your answer to Question # 1 and Question #2 were both No.**

   **Did Chubb National materially breach of its policy obligations to Rattner?**

   **YES: _____          NO: _____**

26

Signed: _____
                    Foreperson


Dated: _____

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 4th day of October, 2017, the foregoing was sent via ECF to

the following counsel of record for Plaintiff:

Mark W. Wasserman
mwasserman@reedsmith.com
Grayson P. Hanes
ghanes@reedsmith.com
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia  22102
*Attorneys for Plaintiff*

/s/ Laurin H. Mills
Laurin H. Mills (VA Bar # 79848)
LeClairRyan
2318 Mill Road
Suite 1100
Alexandria, VA  22314
(703) 647-5903
Fax (703) 647-5953
Laurin.mills@leclairryan.com

*Counsel for Defendant, Chubb National Insurance Company*